**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **RUDY CARLOS GONZALEZ,** *Plaintiff,* | § § § | **CIVIL ACTION NO.** |
| **VS.** | § § § | _____ |
| **UNITED STATES OF AMERICA,** *Defendant* | § § § § | **JURY TRIAL DEMANDED** **TEXAS** |

---

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES **RUDY CARLOS GONZALEZ**, hereinafter referred to by name or as **"Plaintiff,"** and complains of **THE UNITED STATES OF AMERICA**, for the actions of its agency **THE UNITED STATES CUSTOMS AND BORDER PROTECTION**, hereinafter referred to by name or as **"Defendant,"** and for cause of action would respectfully show unto the Court as follows:

**I.**

**PARTIES AND SERVICE OF CITATION**

1.     Plaintiff **RUDY CARLOS GONZALEZ** is an individual residing in the city of Edinburg, Hidalgo County, Texas, which lies within the boundaries of the Southern District of Texas – McAllen Division.

2.     Defendant **THE UNITED STATES OF AMERICA** is a governmental entity. The Defendant may be served with summons upon serving the Attorney General of the United States,

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    1

Merrick B. Garland. Merrick B. Garland is the agent for service of process for Defendant, and is located at the United States Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530. The Defendant may be served via registered or certified mail.

3. Defendant **THE UNITED STATES OF AMERICA** is a governmental entity. The Defendant may be served with summons upon the agent for service of process for the United States Attorney for the Southern District of Texas, care of the Civil Process Clerk for the United States Attorneys Office. The Civil Process Clerk is the agent for service of process for Defendant, and is located at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002. Service on the United States Attorney in civil cases shall be via email and U.S. mail. A copy of this complaint or emergency motion will be emailed to USATXS.CivilNotice@usdoj.gov and mailed to 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

4. Plaintiff, upon filing, will send a certified copy of his complaint and summons to the civil process clerk for the United States Attorney's Office for the Southern District of Texas and to the Attorney General, referenced in paragraphs 2 and 3 herein.

5. Employee of Defendant, **LEWIS DAVID WHITTINGTON**, was the operator of Defendant **UNITED STATES OF AMERICA'S** governmental motor vehicle, and was acting in the course and scope of his employment and in his official capacity or under color of the office or legal authority for Defendant **THE UNITED STATES OF AMERICA**.

## II.

## JURISDICTION & VENUE

6. The claims herein are brought against Defendant **THE UNITED STATES OF AMERICA** are pursuant to the Federal Tort Claims Act, 28 U.S.C § 2671 *et seq.* and 28 U.S.C §

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    2

1346(b) for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and/or omissions of employee(s) of **THE UNITED STATES OF AMERICA** while acting within the course and scope of his office and employment, under circumstances where the United States, if a private person would be liable to the Plaintiff in accordance with the laws of the State of Texas.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of the suit occurred in Hidalgo County, Texas, which is within the Southern District of Texas – McAllen Division.


### III.

### CONDITIONS PRECEDENT

8.      Plaintiff asserts that all conditions precedent to the bringing of the cause of action have been performed or have occurred prior to the filing of the cause of action at bar.  Plaintiff has fully complied with all conditions precedent and with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.  Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendant.

9.      The suit has been timely filed, in that Plaintiff timely served notice of his claims on the appropriate federal agency, **THE UNITED STATES CUSTOMS AND BORDER PROTECTION** on December 27, 2021.

10.      The appropriate federal agency, **THE UNITED STATES CUSTOMS AND BORDER PROTECTION**, failed to make a final disposition of Plaintiff's claims within six (6) months after Plaintiff's claim were presented, and such failure is deemed by Plaintiff to be a final denial of his claims, pursuant to 28 U.S.C. § 2675.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    3

## IV.

## FACTUAL ALLEGATIONS

11.     On or about July 14, 2020, Plaintiff **RUDY CARLOS GONZALEZ** was operating a vehicle, a 2005 Peterbilt truck, in a lawful manner while traveling in the far right lane going westbound in 3200 block of the IH-2 East Frontage Road in the City of Weslaco, Hidalgo County, Texas, when **LEWIS DAVID WHITTINGTON**, who was operating a 2012 Chevrolet Tahoe federal government vehicle in the middle lane, and who was acting within the course and scope of his employment and in his official capacity or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA** negligently struck Plaintiff's motor vehicle.  **LEWIS DAVID WHITTINGTON**, suddenly and without warning, changed lanes when it was unsafe, changed lanes from the middle lane directly into Plaintiff's lane of travel on the far right hand lane, and struck the front driver's side of Plaintiff **RUDY CARLOS GONZALEZ'S** motor vehicle at high speed.

12.     As a result of the collision, the investigating law enforcement officer(s) – City of Weslaco Police Officer Pablo Tovar, Jr. (Badge No. 1245) – was called to the scene of the crash and, after his investigation, found **LEWIS DAVID WHITTINGTON**, while acting in the course and scope of his employment and in his official capacities or under color of office or legal authority with Defendant **THE UNITED STATES OF AMERICA**, to be the at-fault driver responsible for the collision.  A Certified Copy of the investigating officer's Crash Report, and Texas Department of Transportation Code Sheet, are attached to the complaint as **Exhibit "A."**

13.     As a result of the collision, Plaintiff sustained serious bodily injuries to his neck and back.

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**          4

## V.

## <u>CAUSES OF ACTION AGAINST DEFENDANT</u>

### A.   NEGLIGENCE

14.   The occurrence made the basis of the suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant, who through its employee and agent operated their motor vehicle in a negligent manner by violating the duties to which they owed the Plaintiff to exercise ordinary care in the operation of their motor vehicle, in one or more of the following respects:

   a.   making a lane change when it was unsafe to do so;

   b.   failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   c.   failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

   d.   operating their vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under similar circumstances;

   e.   failing to turn the vehicle in an effort to avoid the collision in question;

   f.   failing to blow horn warning of imminent danger;

   g.   failing to maintain an assured, clear distance to avoid striking the vehicle in front of him; and

   h.   Such other and further acts of negligence as may be shown at the trial of this cause.

15.   At the time and on the occasion in question, **LEWIS DAVID WHITTINGTON**, acting in the course and scope of his employment and in his official capacities or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, failed to act as a

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    5

reasonable prudent driver or person would or should under the same or similar circumstances, and

was the sole proximate cause of the collision and Plaintiff's injuries.

## B.      NEGLIGENCE PER SE

16.      Further, **LEWIS DAVID WHITTINGTON**, acting in the course and scope of his

employment and in his official capacity or under color of office or legal authority for Defendant

**THE UNITED STATES  OF AMERICA**, failed to exercise the mandatory standard of care in

violation of V.T.C.A. TRANSPORTATION CODE, § 545.351. and § 545.062 pursuant to the

Negligence Per Se Doctrine which mandates that:

### § 545.060.  DRIVING ON ROADWAY LANED FOR TRAFFIC

(a)  An operator on a roadway divided into two or more clearly marked lanes for traffic:
      (1)  shall drive as nearly as practical entirely within a single lane;  and
      (2)  may not move from the lane unless that movement can be made safely.

(b)  If a roadway is divided into three lanes and provides for two-way movement of traffic, an operator on the roadway may not drive in the center lane except:
      (1)  if passing another vehicle and the center lane is clear of traffic within a safe distance;
      (2)  in preparing to make a left turn;  or
      (3)  where the center lane is designated by an official traffic-control device for movement in the direction in which the operator is moving.

(c)  Without regard to the center of the roadway, an official traffic-control device may be erected directing slow-moving traffic to use a designated lane or designating lanes to be used by traffic moving in a particular direction.

(d)  Official traffic-control devices prohibiting the changing of lanes on sections of roadway may be installed.

**§ 545.351 MAXIMUM SPEED REQUIREMENT**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:
   (1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and
   (2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:
   (1) The operator is approaching and crossing an intersection or railroad grade crossing;

## VI.

## DAMAGES

17.    As a direct and proximate result of the collision and the negligent conduct of **LEWIS DAVID WHITTINGTON**, acting in the course and scope of his employment and in his official capacities or under color of office or legal authority for Defendant **THE UNITED STATES OF AMERICA**, Plaintiff **RUDY CARLOS GONZALEZ** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. Plaintiff's injuries are permanent in nature.  Plaintiff's injuries have had an effect on the Plaintiff's health and well-being.  Plaintiff has incurred lost wages and a loss of earning capacity as a direct and proximate result of the motor vehicle collision made the basis of this claim.  As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain, physical impairment, and mental anguish.

18.     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past, and may incur medical expenses in the future to treat his injuries.

19.     Plaintiff has also suffered losses and damages to his property, including but not limited to damage to the vehicle he was operating at the time of the incident made the basis of this claim.

20.      By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court for which he now sues.

21.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. Plaintiff seeks monetary relief of **FIVE-HUNDRED TEN THOUSAND AND 00/100 DOLLARS ($510,000.00)** and a demand for judgment for all the relief to which Plaintiff is justly entitled at the time of filing the suit, which, with the passage of time, may change.

## VII.

## COSTS AND INTEREST

22.     It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute the cause of action.  Therefore, Plaintiff further requests both pre-judgment and post-judgment interest on all of his damages as allowed by law.

## VIII.

## DEMAND FOR JURY TRIAL

23.     Plaintiff asserts his right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues

**PLAINTIFF'S ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**                    8

## IX.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, that the Plaintiff have a judgment against the Defendant in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages.

Respectfully Submitted,


**THE LAW OFFICES OF THOMAS J. HENRY**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601



By: _____
**STEVEN G. MARQUEZ**
Texas State Bar No.: 24043801
Southern District of Texas Federal ID: 3778082
Email: smarquez-svc@thomasjhenrylaw.com *

**ATTORNEYS FOR PLAINTIFF**
**RUDY CARLOS GONZALEZ**

* service to email address only